1  HEATHER E. WILLIAMS, SBN 122664
   Federal Defender
2  CHRISTINA SINHA, SBN 278893
   LINDA ALLISON, SBN 179741
3  Assistant Federal Defenders
   Designated Counsel for Service
4  801 I Street, Third Floor
   Sacramento, CA 95814
5  T: (916) 498-5700

6  Attorneys for Defendant
   MONICA NUNES

7

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,      )  Case No.  2:19-CR-129-MCE-2
                                   )
    Plaintiff,                     )  **MS. NUNES'S SENTENCING**
12                                 )  **MEMORANDUM**
    vs.                            )
13                                 )  Date:  April 1, 2021
    MONICA NUNES,                  )  Time:  10:00 A.M.
14                                 )  Judge: Hon. Morrison C. England, Jr.
    Defendant.                     )
15  _____)

16      **I.  Introduction.**

17      Ms. Monica Nunes hereby submits the following memorandum in advance of her

18  sentencing hearing on April 1, 2021.  The defense and the government are jointly requesting a

19  sentence of 151 months, which is at the low-end of the applicable guideline range, as calculated

20  and agreed upon by the parties and probation.

21      The low-end sentence of 151 months is a serious, lengthy sentence that both incorporates

22  all the aggravating factors in Ms. Nunes' case and sufficiently addresses the seriousness of the

23  offense.  It also properly accounts for Ms. Nunes' past trauma and substance abuse issues, which

24  are detailed in the presentence report ("PSR").  Finally, the jointly-recommended sentence

25  adequately credits the fact that Ms. Nunes was the first codefendant to plead guilty to this offense,

26  as this early acceptance of responsibility saved the government significant resources and spared

27  the Court a lengthy, technical, and resource-intensive trial, which is especially significant, given

28  the immense strain the COVID-19 pandemic has placed on the Court.

## II. Factual and Procedural Background.

On April 4, 2019, Johnathan Ward and Monica Nunes were charged via complaint with a violation of 18 U.S.C. § 1344 (bank fraud). ECF No. 1. A subsequent complaint was filed charging codefendant Talalima Toilolo, and an indictment issued against all three defendants on August 8, 2019. ECF No. 18. A superseding indictment was later filed against codefendants Johnathan Ward and newly-added codefendant Sabrina Toilolo (Talalima Toilolo's daughter) on July 23, 2020. ECF No. 77.

Ms. Nunes was the first person charged in this case to accept responsibility for her actions and enter into a plea agreement with the government.[1] Following undersigned counsels' review of the extensive discovery in this case, Ms. Nunes accepted a plea agreement to Count 1 of the indictment (18 U.S.C. § 1349, conspiracy to commit bank fraud) on April 27, 2020, which was accepted by the Court on May 7, 2020. *See* ECF Nos. 49-50. Pursuant to that agreement, Ms. Nunes agreed to an estimated guideline range that accounts for all of the aggravating factors in her case, and has not contested any enhancement that has been applied to her, despite the fact that they increased her guideline range from 77-96 months to 151-188 months.[2] Her early acceptance of responsibility in this case saved the government and the Court from an extensive, complex trial that would have required intricate financial evidence and several weeks of a jury's time.

Due to significant difficulties in securing confidential, legal calls with Ms. Nunes at the Nevada City Jail following her change of plea hearing in May 2020 – which were compounded by the ongoing pandemic – her sentencing has been continued to its currently scheduled date.

## III. The 18 U.S.C. § 3553(a) Factors Support a Low End Sentence of 151 Months.

The low-end sentence recommended by the parties is sufficient, but not greater than necessary, to achieve the sentencing goals laid out at 18 U.S.C. § 3553(a). Ms. Nunes accepted responsibility for her actions in this case early on, and promised to use her time in custody to better

[1] Though another codefendant in this case, Mr. Toilolo, was sentenced prior to Ms. Nunes, he did not sign his plea agreement until after Ms. Nunes' change of plea was accepted by this Court. Mr. Toilolo signed his plea agreement on May 29, 2020, and did not have his change of plea hearing until June 25, 2020. ECF Nos. 66 at 11-12; 67. Ms. Nunes signed her plea agreement on April 27, 2020; it was emailed to the government the same day.

[2] Specifically, the enhancements for the number of victims, relocation, use of device-making equipment, and aggravating role increased her total offense level from 22 to 30; this increased her low-end by 74 months.

herself so she can put herself in the best possible posture to both repay the restitution she owes and to provide for her family. As she stated in part:

> I know my irresponsible actions have caused [the victims] stress and financial loss, and I promise I will use my time in custody to learn to make better choices in my life. I will definitely do all the programs in here that I can to learn how to make better choices, and will do any vocational training I can to learn the skills I need in order to legitimately earn money.

ECF No. 132 at ¶ 29. These were not mere words; Ms. Nunes has already demonstrated that she will put actions behind these aspirations. Despite the COVID-19 pandemic, which has made it exceedingly difficult for incarcerated defendants to participate in programs and treatment, Ms. Nunes has competed an extensive number of classes and programming at the Nevada City Jail that demonstrate her consistent commitment to bettering herself while incarcerated. Exh. A (certificates of completion and MRT programming log). As her Nevada Union Adult Education instructor relayed, "[s]ince the beginning of [the 2019-2020 academic year], Ms. Nunes has taken on the extraordinary dual task of preparing for the High School Exit exam, while at the same time earning credits towards her high school diploma." Exh. B at 1. This is no small feat, as diploma work "is daunting in that many hours of independent study is required," and she is balancing that course load while also working long hours in the kitchen. *Id*.

Those closest to her have also seen her acceptance of responsibility for this crime, as well as her determination to ensure she does not end up back in the criminal law system. Ms. Nunes recognizes that her previous isolation from her family and their support contributed to her poor decisions. As her grandmother observed:

> Monica has confessed to me of the serious lack of judgement she exhibited and express [sic] both remorse and a strong desire to address the personal issues at the heart of the matter.

> As her grandma, I have been aware of some of her personal difficulties [sic] in her life. Abusive relationships, drugs, loss and homelessness. This must have overwhelmed her and severely compromised her ability to cope properly with life. I believe Monica has every intention of improving for the better.

> Monica has my support and encouragement to move forward in getting her life on track and I know with the help of family she will succeed. I have every confidence that Monica will develop the new skills needed to avoid making such poor decision in the future.

> Monica has thus far shown a steadfast and resolute demeanor in moving
> past this mistake in a constructive and successful manner.

*Id*. at 2.  The father figure in her life likewise stated that he "remain[s] convinced that [Monica] possesses the desire and determination to learn from this experience and move into a positive direction with her life" and that "[s]he has a committed support system" in him and her family.  *Id*. at 3.  Her mother has likewise pledged her support and stated that she has "every confidence that Monica will develop the new skills needed to move forward into a brighter future …."  *Id*. at 4.

Ms. Nunes has demonstrated that, despite her extremely difficult life and its numerous, attendant traumas – which are detailed at paragraphs 74, 75, 80, 84, and 86 of the PSR – she is actively willing to do the necessary work to address the reasons for her recidivism.  She has learned that her drug use was a coping mechanism to deal with her unresolved trauma, and that her long-term plan must include daily work on her part to address both.  She is also fully committed to obtaining gainful employment after she is released from custody, in service of her dual goals of taking care of her family and paying her restitution.  *See* ECF No. 132 at ¶ 89.

**IV.  Conclusion.**

For the foregoing reasons, the defense respectfully moves this Court to follow the parties' joint recommendation of a sentence of 151 months, as this low-end sentence is sufficient, but not greater than necessary, to achieve the sentencing factors laid out at 18 U.S.C. § 3553(a).

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: March 25, 2021

*/s/  Christina Sinha*
CHRISTINA SINHA
Assistant Federal Defender

Attorneys for Defendant
MONICA NUNES