UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>MONICA NUNES,<br><br>Movant. | No.  2:19-cr-0129 DJC CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.  ECF No. 186.  Movant presents seven grounds for relief.  For the reasons which follow, the court recommends that the motion be denied.

I. Background

On May 7, 2020, movant pled guilty to conspiracy to commit bank fraud, a violation of 18 U.S.C. § 1349.  Bank fraud is defined in 18 U.S.C. § 1344 as follows:

> Whoever knowingly executes, or attempts to execute a scheme or artifice—
>
> (1) to defraud a financial institution; or
>
> (2)  to obtain any of the moneys, funds, credits, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false pretenses, representations, or promises;

1

> shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

On April 1, 2021, movant was sentenced to 151 months imprisonment. ECF No. 140. Movant did not appeal her conviction or sentence.

Movant filed an original § 2255 motion on January 21, 2022. ECF No. 180. On March 25, 2022, movant filed a second motion. ECF No. 186. In a letter attached to her second motion, movant asserts she filed the second motion in case the first had been lost in the mail. Id. A review of the record reveals that while the motions are similar, they are not identical. The court thus construes the second motion as an attempt to amend the first. The court grants the motion to amend in the spirit of Federal Rule of Civil Procedure 15(a) as the differences between the two motions indicate it was movant's intent to amend. Accordingly, the action proceeds on the motion filed on March 25, 2022.

II. Claims and Analysis

A. Claim 1

Claim 1 reads as follows:

> [Movant's] guilty plea does not reflect any representations, pretenses, or promises at all - - false or otherwise - - that does not constitute a violation of the United States' bank fraud statute (18 U.S.C. § 1344(2)) which renders her conviction and guilty plea under 18 U.S.C. § 1349 invalid. The district court lacked jurisdiction to convict [movant] under the bank fraud statute 18 U.S.C. § 1344 and 1349.

It appears that movant is arguing that the court did not have jurisdiction to accept a guilty plea to conspiracy to commit bank fraud, 18 U.S.C. § 1349, because movant was not charged with having committed any acts which would satisfy 18 U.S.C. § 1344(2). However, movant was not alleged to have violated § 1344(2), but rather § 1344(1). ECF No. 18 at 6. Further, movant acknowledged in her plea agreement the elements of 18 U.S.C. § 1344(1) (ECF No. 49 at 6), and she admitted facts which constituted § 1344(1) (Id. at 12). Whether movant was adequately charged or pled guilty under 18 U.S.C. § 1344(2) is therefore irrelevant.

B. Claims 2 and 4

In claim 2, movant asserts that she was not adequately charged under 18 U.S.C. § 1344(1)

because the financial institution movant was alleged to have defrauded, Worldpay, was not insured by the Federal Deposit Insurance Corporation (FDIC). Movant is correct that a "financial institution," as defined in § 1344(1), must be insured by the FDIC. See, e.g. United States v. Rizk, 660 F.3d 1125, 1135 (9th Cir. 2011). However, Worldpay was not identified as a "financial institution" for purposes of § 1344(1) in the indictment; rather, Worldpay was identified as a "payment processor." ECF No. 18 at 2. The indictment charging movant identified seven "financial institutions," all insured by the FDIC, whom movant allegedly defrauded. Id. at 3. Accordingly, movant's second claim has no merit.

Similarly, in claim 4, movant suggests that her plea of guilty was not knowing and intelligent because she believed her "executing a fraudulent refund involving Worldpay a payment processor which is not FDIC insured, standing alone, was bank fraud. . ." While this may be so, plaintiff was charged with having conspired to commit bank fraud concerning seven separate financial institutions which were FDIC insured, and she pled guilty to that same charge. ECF Nos. 49 at 6, 12; 197 at 8, 15-16. A suggestion that movant did not know what she was charged with or what she pled to is completely unsupported by the record.

C. Claim 3

In claim 3, movant asserts that her indictment is flawed because it did not contain the element "materiality of falsehood." Again, movant seems to suggest that count one of the indictment, 18 U.S.C. § 1349, was premised upon 18 U.S.C. § 1344(2) and that movant was convicted pursuant to that section of the bank fraud statute. In fact, movant was indicted and convicted of 18 U.S.C. § 1349, premised on 18 U.S.C. § 1344(1), and "materiality of falsehood" is not a requirement for a conviction under that statute.

D. Claim 5

While not entirely clear, it appears that in claim 5 movant asserts that she was not permitted to review her plea agreement before she signed it electronically, as she only discussed it over the phone. Movant seems to suggest that when she agreed to sign the agreement, one of the terms was that respondent would argue for no more than a 16-18 level increase under the Federal Sentencing Guideless for the loss amount attributable to movant's conduct. A review of the plea

3

agreement movant signed indicates that respondent and movant's trial counsel agreed that their best estimate in calculating movant's guidelines was that she would receive an increase of between 16 and 18 levels for intended loss. ECF No. 49 at 7. At sentencing, 18 points were added. ECF No. 198 at 4.[1] Thus, even assuming that movant did not review her plea agreement before she signed it electronically, the terms of sentencing were in accord with the terms of the plea agreement represented to her.

E. Claim 6

In claim 6, movant asserts "[movant's] case was a double jeopardy case. Same course of conduct should be argued." There is no evidence in the record that movant's prosecution violated the Double Jeopardy Clause of the Fifth Amendment as there is no suggestion that she was ever previously convicted of bank fraud based on the course of conduct alleged in the indictment. In ground 10 of movant's original § 2255 petition, she did assert there were state court charges against her concerning "relevant conduct," but jeopardy does not attach based merely upon charging. Indeed, it appears from the pre-sentence report that the state charges movant references were dismissed in favor of federal prosecution. ECF 132 at 14. Thus, claim 6 is without merit.

F. Claim 7

In her final claim, movant complains that trial counsel never provided her with the "transaction statements" she requested so she could calculate "money loss." The court construes this as a claim of ineffective assistance of counsel. To establish ineffective assistance of counsel, movant must show that there is a reasonable probability that, but for counsel's errors, movant would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 56-59 (1985). Movant fails to point to anything suggesting that had counsel acted as she wished, however, the intended loss amount would have been calculated any differently than it was, and therefore that she would have insisted upon going to trial. Therefore, she cannot establish ineffective assistance.

---

[1] The transcript of movant's sentencing reflects, "18 levels were added for intended laws. . ." This appears to be a clerical error and should read "loss."

Movant also claims that counsel told her that respondent "would argue 2 pts down" and "none of that was ever applied." In the plea agreement, respondent agreed to recommend a two-level reduction for acceptance of responsibility if certain conditions were met. ECF No. 49 at 5. The pre-sentence investigation report prepared by the probation department concluded that the offense level was 30, including a 2-level decrease for acceptance of responsibility. ECF No. 132 at 9-10. In its sentencing memorandum, respondent agreed. ECF No. 136 at 4. At sentencing the court found the offense level to be 30, with acceptance of responsibility. ECF No. 198 at 4. Thus, any claim that trial counsel misrepresented the terms of the plea agreement to movant is not supported.

IV. Conclusion

Because movant has not demonstrated that she is entitled to relief under 28 U.S.C. § 2255, the court will recommend that her § 2255 motion be denied, and this case be closed.

In accordance with the above, IT IS HEREBY ORDERED that movant's request for leave to amend, so construed by her filing an amended petition, is granted. This action proceeds on the amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed March 25, 2022 (ECF No. 186).

IT IS HEREBY RECOMMENDED that movant's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (ECF No. 186) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections, movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the

specified time waives the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 10, 2023

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
nune0129.257