HEATHER E. WILLIAMS, Bar #12
Federal Defender
DAVID M. PORTER, Bar #127024
Assistant Federal Defender
Counsel Designated for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorneys for Defendant
MONICA NUNES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MONICA NUNES,<br><br>Defendant. | No. Cr. S 19-129 DJC 2<br><br>**STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>RETROACTIVE CRIMINAL HISTORY REDUCTION CASE<br><br>Judge: Honorable DANIEL J. CALABRETTA |

Defendant, MONICA NUNES, by and through her attorney, Assistant Federal Defender David M. Porter, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

1.      Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable;

2.      The United States Sentencing Commission recently amended the Sentencing Guidelines to limit the overall criminal history impact of "status points" by assigning zero status points for offenders with six or fewer criminal history points, and one status point for offenders

with seven or more criminal history points ("status-point provision"). *See* Amendment 821, Part A; *compare* USSG § 4A1.1(d) (2022), *with* USSG § 4A1.1(e) (Nov. 1, 2023). The United States Sentencing Commission made the status-point provision retroactive beginning February 1, 2024. See USSG § 1B1.10(e)(2) (Nov. 1, 2023), 88 Fed. Reg. 60534;

3. On April 1, 2021, this Court sentenced Ms. Nunes to 151 months imprisonment;

4. Ms. Nunes's total offense level was 30. She received 8 criminal history points based on her past criminal convictions and 2 criminal history points pursuant to former USSG § 4A1.1(d), for a total criminal history score of 10, which placed her in criminal history category V. The resulting guideline range was 151 to 188 months;

5. The sentencing range applicable to Ms. Nunes was subsequently lowered by the status-point provision;

6. Ms. Nunes is eligible for a reduction in sentence, which reduces her criminal history score to 9 points, lowering her criminal history category from V to IV, resulting in an amended advisory guideline range of 135 to 168 months;

7. Accordingly, the parties request the Court enter the order lodged herewith reducing Ms. Nunes's term of imprisonment to 135 months. If the amount of time served as of the effective date of the Court's order exceeds 135 months, the sentence should instead be reduced to a sentence of time served, in which case, the order should be stayed for up to ten (10) days to allow the Bureau of Prisons to perform its statutory duties and release planning;

The following statements are provided by Ms. Nunes and the United States, respectively, and are not part of the parties' stipulation;

1. <u>Ms. Nunes's statement regarding the stipulation</u>: Defendant's counsel enters into this stipulation after having examined the pertinent documents, including the plea agreement, the presentence report, statement of reasons, and judgment, and speaking with Ms. Nunes personally. Ms. Nunes's projected release date is November 18, 2028. She is employed as a cook at FCI Dublin. She has graduated from the drug treatment program, parenting program, financial literacy program, and completed vocational training as a quality assurance representative for UNICOR. She has continued her efforts to complete her GED. She has

received laudatory letters from her factory manager at UNICOR and concerning her work as a customer service professional.  She has made payments toward her restitution obligation.  Aside from a minor incident, Ms. Nunes has remained disciplinary-free.  She has a thoughtful and realistic release plan to live with her parents in Nevada.

        THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.

2.   United States' statement regarding its stipulation:

The United States enters into this stipulation after reviewing the Presentence Investigation Report ("PSR"); parties' plea agreement and factual basis, ECF No. 49; government's sentencing memorandum, ECF No. 136; Statement of Reasons ("SOR"); Judgment, ECF No. 293; defendant's Bureau of Prisons ("BOP") disciplinary history, and after both consultation with the Assistant United States Attorney currently assigned to this case and notifying Nunes' victims of a potential sentence reduction.  To date, the United States has not received any responses or statements from the victims.

Defendant was convicted of one count of Conspiracy to Bank Fraud in violation of 18 U.S.C. § 1349 for her role in organizing and running a unique refund fraud scheme using point of sale devices.  In sum, Nunes and her co-conspirators exploited the debit/ credit card refund process to obtain over $1.7 Million in fraudulent refunds from victim merchants, banks and payment processors, with attempts to obtain much more.  Nunes was held accountable for over $4.3 Million in intended loss.  A more detailed account of Nunes' offense conduct and history and characteristics is detailed in the United States' sentencing memorandum, ECF No. 136, and the PSR.  At sentencing, both the United States and Nunes recommended a sentence of 151 months of imprisonment, which was the low end of the applicable Guidelines range.  ECF No. 136 at 1.

THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK

Nunes is currently located at Phoenix FCI with a projected release date of November 18, 2028.  *See* Bureau of Prisons Inmate Locator *available at* https://www.bop.gov/inmateloc// (last visited June 1, 2024).  While in Bureau of Prison's custody for this offense, Nunes has sustained one disciplinary incident for phone abuse on December 31, 2022.  Nunes has generally been paying $25 per month in restitution.  She currently owes $18,379.75 in restitution for a prior federal conviction in case number 2:07-CR-390 and $1,713,502.57 in restitution in the instant case.

Respectfully submitted,

Dated:  June 2, 2024

PHILLIP A. TALBERT
United States Attorney

/s/ *Shelley D. Weger*
SHELLEY D. WEGER
Assistant U.S. Attorney

Attorney for Plaintiff
UNITED STATES OF AMERICA

Dated:  June 2, 2024

HEATHER E. WILLIAMS
Federal Defender

/s/ *David M. Porter*
DAVID M. PORTER
Assistant Federal Defender

Attorney for Defendant
MONICA NUNES

# ORDER

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that Ms. Nunes is entitled to the benefit of Amendment 821, Part A, the new status-point provision, which reduces the criminal history score to 9 points, and her criminal history category from V to IV, resulting in an amended guideline range of 135 to 168 months.

IT IS HEREBY ORDERED that the term of imprisonment imposed in April 2021 is reduced to 135 months. If the amount of time served as of the effective date of this order exceeds 135 months, the sentence is instead reduced to a sentence of time served, in which case, the order may be stayed for up to ten (10) days to allow the Bureau of Prisons to perform its statutory duties and release planning.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare amended judgment reflecting the above reduction in sentence.

Unless otherwise ordered, Ms. Nunes shall report to the United States Probation Office within seventy-two hours after her release.

Dated:  June 3, 2024                    /s/ Daniel J. Calabretta
                                        THE HONORABLE DANIEL J. CALABRETTA
                                        UNITED STATES DISTRICT JUDGE