UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MONICA NUNES,<br><br>　　　　　Defendant. | No. 2:19-cr-00129-DJC-CKD-2<br><br><br>ORDER |

　　　Movant, a federal prisoner, has filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.[1]  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　On July 10, 2023, the Magistrate Judge filed Findings and Recommendations herein which were served on the parties which contained notice that any objections to the Findings and Recommendations were to be filed within fourteen days.  (ECF No. 263.)  Movant has filed Objections to the Findings and Recommendations.  (ECF No. 286.)  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court has conducted a de novo review of the facts and law relevant to this case.

---

[1] Prior to the issuance of this order, the Court granted Movant's Motion for Supplemental Sentence Modification pursuant to 18 U.S.C. § 3582(c)(1)(A), reduced Movant's sentence to time served, and ordered Movant be released from custody.  As a result, Movant's Motion under Section 2255 may ultimately be moot.  However, the Court will instead only address the pending Findings and Recommendations on the merits as the ultimate result is the same.

1

1 As to Grounds One, Two, Four, Five, Six, and Seven of the Motion, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. It thus adopts the Findings and Recommendations of the Magistrate Judge as they relate to these Grounds. As to Ground Three, the ultimate decision of the Magistrate Judge is correct, but on review of the record, the Court modifies the Findings and Recommendations on Ground Three.

**GROUND THREE**

Ground Three for relief in Movant's Motion argues that the indictment in this case was flawed because it did not contain the element "materiality of falsehood." (*See* ECF No. 186 at 7.) Movant plead guilty to a violation of 18 U.S.C. § 1349, premised on a conspiracy to violate of 18 U.S.C. § 1344(1). The Magistrate Judge denied relief on this ground on the basis that that materiality of falsehood is not required for a claim premised on 18 U.S.C. § 1344(1). However, materiality of falsehood is an essential element of 18 U.S.C. 1344(1). *See United States v. Omer*, 395 F.3d 1087, 1088 (9th Cir. 2005) ("'[M]ateriality of falsehood is an element' of § 1344(1)." (quoting *Neder v. United States*, 527 U.S. 1, 25 (1999)).

Even so, Movant's Motion is ultimately meritless. Counts Two through Eleven of the Indictment (the counts concerning the underlying violations of Section 1344) clearly alleged that Movant and her co-defendants acted with the intent to defraud a financial institution "by means of materially false and fraudulent pretenses, representations and promises." (ECF No. 18 at 6 (emphasis added).) This is the materiality of falsehood element that Movant claims is missing from the Indictment. Movant's signed Plea Agreement also accurately identified this element of the charged offense. In relevant part it states:

> At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense of bank fraud, a violation of 18 U.S.C. § 1344:
> First, the defendant knowingly executed a scheme **to defraud a financial institution as to a material**

2

**matter** . . . .

(ECF No. 49 at 6 (emphasis added).)  This element was further restated at Movant's change of plea hearing when the Court instructed the prosecutor to read the elements of the offense.  (ECF No. 197 at 15:11-16.)

Thus, while Movant is ultimately correct that materiality of falsehood is an element of the charged offense, Ground Three for relief is properly denied as the Indictment clearly stated materiality of falsehood as an element of the charged offenses and this element was also later restated in the plea agreement and at the change of plea hearing.

Accordingly, the Court modifies in part the Section II.C, "Claim 3" of the Findings and Recommendations to read:  "In Claim 3, Movant asserts that the Indictment was flawed because it did not contain the element 'materiality of falsehood.'  The indictment does include this element of the charged offense (ECF No. 18 at 6).  The movant was also advised of this element in the signed plea agreement (ECF No. 49 at 6) and at the change of plea hearing (ECF No. 197 at 15:11-16).  Accordingly, this claim is denied."

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed July 10, 2023 (ECF No. 263) are ADOPTED as modified by this order; and
2. Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 186) is DENIED.

IT IS SO ORDERED.

Dated:  **November 13, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE